NJECICK, Plaintiff in error, vs. THE STATE, Defendant in error.

*June 10—July 8, 1922.*

*Assault evincing depraved mind: Violation of automobile statutes: Manslaughter in fourth degree: Culpable negligence: Evidence: Sufficiency.*

1. One may be guilty of manslaughter in the fourth degree without being guilty of gross negligence, culpable negligence or mere inadvertence being sufficient.
2. The circumstances which will warrant a conviction under sec. 4374a, Stats. (providing punishment for any person who assaults another in a manner evincing a depraved mind, regardless of human life, without any premediated design to effect the death of the person assaulted, and under such circumstances that, if death had resulted, the assailant would have been guilty of murder in the second degree), must be identical with those warranting a conviction of murder in the second degree except that no death results, and must show conduct evincing a depraved mind, regardless of human life.
3. In a prosecution under said sec. 4374a, Stats., where defendant was driving a motorcycle along a country concrete road at two o'clock at night at a high rate of speed and struck a wagon, resulting in injuries to certain of the occupants, his action did not constitute a violation of the statute, since his conduct lacked the qualities denoting a depraved mind, regardless of human life, and showed only culpable negligence at most.

ERROR to review a judgment of the municipal court of Milwaukee county: A. C. BACKUS, Judge. *Reversed.*

The plaintiff in error, hereinafter called the defendant, was convicted in the municipal court of Milwaukee county in a trial before Judge A. C. BACKUS, a jury having been waived, and was sentenced to two years in the house of correction of said county.

The prosecution was under sec. 4374*a* of the Statutes of 1921, which reads as follows:

"Any person who shall assault another in a manner evincing a depraved mind, regardless of human life, without any premeditated design to effect the death of the person assaulted and under such circumstances that if death had resulted the assailant would have been guilty of murder in the second degree, shall be punished by imprisonment in the state prison not more than eight years nor less than one year."

In the information he was charged with making the assault being "armed with a dangerous weapon, to wit, a motorcycle and sidecar."

To test the correctness of his conviction defendant sued out a writ of error.

For the plaintiff in error there was a brief by *L. A. Zavitovsky* and *Horace B. Walmsley,* both of Milwaukee, and oral argument by *Mr. Walmsley.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Eugene Wengert,* assistant district attorney, and oral argument by *Mr. Wengert.*

VINJE, C. J. The defendant with a companion in the sidecar, while driving a motorcycle along a concrete country highway at about 2 o'clock in the morning of August 23, 1921, at a high rate of speed, collided with the left-hand rear wheel of a wagon being driven by one Pauline Wit-

terholt, accompanied by her mother and sister. On the left-hand side of the wagon between the two wheels was hung a lighted lantern. The impact was so great that the reach of the wagon was broken and the rear wheels thrown nearly across the road. The sidecar was imbedded in the rear wheel to such an extent that it required great force to separate them. The three women were thrown out of the wagon and two of them injured. The defendant and his companion were severely injured and rendered unconscious for a long time. Both smelled of liquor. The women were unable to estimate the rate of speed of the motorcycle. All they could say is that they heard it coming very fast and that they drove along the right-hand side of the concrete, leaving ample room for the defendant to pass on the left-hand side. Some estimates of speed were given by the police officers who came later, based upon the results of the collision, but such estimates are from the nature of the case quite unreliable. The defendant claims he had had only two drinks, that he was not drunk, and that he was going at a rate of speed of about twenty-five miles per hour. His speedometer was out of order and his testimony was an estimate only. He says he did not see the wagon till it was too late to avoid it and that he was partly misled by the position of the lighted lantern on the wagon. Defendant carried a still in the sidecar, which he claims he found on the road. The case presents the question whether the defendant was lawfully convicted of an assault made in a "manner evincing a depraved mind, regardless of human life," so that if death had resulted he could have been convicted of murder in the second degree. The charge is a much more serious one than manslaughter in the fourth degree. One may be guilty of the latter without even being guilty of gross negligence. Culpable negligence or mere inadvertence is sufficient (*Clemens v. State,* 176 Wis. 289, 185 N. W. 209), and the punishment for it does not exceed two years in the state prison and may

be only a fine of a few dollars, while a conviction under sec. 4374a, Stats., carries a penalty of from one to eight years in the state prison. The circumstances which will warrant a conviction under the information in the present case must be identical with those warranting a conviction of murder in the second degree only that no death results. They must show conduct evincing a depraved mind, regardless of human life. The present case we conceive of as one showing only culpable negligence at most. Fast driving on a country concrete road at 2 o'clock in the night does not evince a depraved mind, especially where, as here, there seemed to be no travel on the road. Besides, the evidence fails to establish beyond a reasonable doubt that an unlawful speed was indulged in. It is argued by the state that no actual intent need be shown in order to warrant a conviction; that a constructive intent is sufficient. We do not need to pass upon this point because we find defendant's conduct lacking in the qualities that denote a depraved mind, regardless of human life. Accidents of a similar nature occur frequently in all sections of the country. To assume that defendant intended to assault the unknown women in the way he did is to assume that he attempted suicide. Conduct may be of a character denoting a constructive intent to injure others, but we fail to find in the conduct in question even such constructive intent. It lies in the field of negligence only, and not in that of the high crime charged. So we reach the conclusion that the court erred in finding him guilty of the offense charged. The provisions of sec. 1636—49, Stats., would seem to cover cases of this kind. It is argued by defendant that a motorcycle cannot constitute a dangerous weapon within the meaning of the term as used in the information. The conclusion arrived at disposes of the case without reaching the point raised.

*By the Court.*—Judgment reversed, and cause remanded for a new trial. The warden of the house of correction

will deliver the defendant to the custody of the sheriff of Milwaukee county to be by him kept until discharged by due process of law.